PROVOSTY, J.
The defendant Haber is sued as comaker on a solidary note with one Cooper. The note, so far as Cooper is concerned, was admittedly given in payment of one-third of the credit part of the purchase price of a tract of land. Cooper made no defense. Haber pleaded that he signed the note only as surety, and that he did so without consideration, and hence that the note, as to him, was a nudum pactum, and that, at all events, he was released by an extension of time having been given to Cooper, the principal obligor, and that the note is prescribed. These two last defenses — of prescription and of release by extension of time — are not now insisted on, and wisely, since they are evidently without merit. The defense of want of consideration is based on the alleged fact that the note was signed by Haber after it had been delivered by Cooper to plaintiff, and accepted by plaintiff as a completed transaction and a finality, so that the consideration moving from plaintiff to Cooper could not serve for Haber’s obligation. The contest is over this alleged fact of the note having been thus finally accepted.
Haber testified that he, acting for his firm of Rowson & Co., composed of himself and E. T. Rowson, had obtained an option from plaintiff in favor of one McCoy on a certain tract of land, and that McCoy had let the option run out and announced his intention not to renew it, and that then he (Haber) had suggested to plaintiff that his firm and one Cooper and one Midkiff would buy the land at the price fixed in the option, ’ each for one-third, and that this sale was consummated by a cash deed being made by plaintiff to Cooper, and by plaintiff accepting in part payment of the price a certain amount of cash, and in payment of the balance the three separate notes of Rowson & Co., Cooper, and Midkiff, and that after this deed had been signed, and the three separate notes delivered and accepted, and after the notary had gone off with the deed, for the purpose of having it recorded, and Midkiff and Cooper had also departed, plaintiff proposed to him that he should add his signature to Cooper’s note, and that he did so.
Plaintiff denies that she ever dealt with, or knew, any one but Haber in the transac *594 tion. She says that Haber obtained an option on the land for himself, and that when the act of sale came to be passed he requested (for what reason she did not know or care) that the deed should be made to Cooper; that, when the Cooper note came to be executed, she requested Haber to sign it, her motive being that' she was not acquainted with Cooper’s financial responsibility, whereas she was acquainted with Haber’s.
Plaintiff’s testimony is rather vague, we must admit. She could not remember whether, at the. time she asked Haber to sign the note, Cooper was already gone. She believes that the notary and Midkiff were gone. But she insists, and is very positive, that her request to Haber to sign, and his consent to do so, was at the time Cooper signed the note.
There is very great probability of the truth of plaintiff’s statement to the effect that she had known only Haber in the transaction, and that, while she had no objection to making the deed in whomsoever’s name Haber might suggest, she desired to have his name on the Cooper note, as she was acquainted with his financial standing, but not with Cooper’s. This probability fortifies greatly her statement that she exacted this additional signature before she would accept the Cooper note in final settlement. And the fact that the note was being given for a large amount, $5,833.33, lends additional strength. Moreover, the defendant, in order to succeed, must overcome, not only the testimony of plaintiff, supported as it is by these probabilities, but also the inherent evidence carried by the note itself, since it reads, “I, we, or either of us promise to pay,” thus expressing a promise made synchronously by the two signers.
We are not prepared to say that the trial judge has erred in his appreciation of the facts.
Judgment affirmed.